ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2021-Jan-21  17:50:09
60CV-19-7264
C06D16 : 5 Pages

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
16TH DIVISION

**CARLOS HALL, SR.**                                                      **PLAINTIFF**

vs.                              **CASE NO. 60CV-19-7264**

**ERIC S. HIGGINS**                                                       **DEFENDANT**

### AMENDED COMPLAINT

COMES the Plaintiff, CARLOS HALL, SR., by and through Counsel, SUTTER & GILLHAM, P.L.L.C.; and, for this Amended Complaint, he states:

### PARTIES & JURISDICTION

1. Plaintiff is a disabled resident and citizen of Pulaski County, Arkansas, who brings this action for violation of his state and federal constitutional rights, as allowed by the Arkansas Civil Rights Act of 1993, the Americans with Disabilities Act, and 42 USC 1983.

2. Defendant, ERIC S. HIGGINS, is the duly elected Pulaski County Sheriff who runs a correctional facility center located in Pulaski County, Arkansas. Since the acts giving rise to this case occurred in Pulaski County, venue is proper. This Court has personal jurisdiction over the parties as well as, subject matter jurisdiction. All actions alleged herein were taken under color of state law.

### GENERAL ALLEGATIONS OF FACT

3. Plaintiff is an individual with a disability as defined by the Arkansas Civil Rights Act of 1993 and Title II of the Americans with Disabilities Act, 42 U.S. Code § 12131 *et seq.* Plaintiff requires use of a wheelchair for mobility and will continue to do so for the rest of his life. Consequently, Plaintiff is substantially limited in his ability to walk, lift himself, control his bowel and bladder, and care for himself.

Amended Complaint 

4. In 2019, Plaintiff was incarcerated in the Pulaski County Regional Detention Facility, which has an affirmative duty to provide healthcare to the inmates.

5. Despite clear notice of his disability, Defendant, Eric S. Higgins, failed to provide Plaintiff appropriate accommodations and accessible toilets because he failed to train his jailers and hire appropriate medical help to assist Plaintiff with the activities of daily living. This caused Plaintiff to soil himself and lie in his own waste for hours on end. There were indeed times that other inmates had to help clean the Plaintiff. Higgins can't contract away its affirmative duty by hiring a medical contractor

6. While incarcerated at the Pulaski County Jail, Plaintiff developed pressure sores because Defendant failed to provide him with appropriate staff to turn him and to conduct daily checks of his skin integrity. Plaintiff also fell because he was housed in an inaccessible cell and while in the shower.

7. The pressure sores were completely avoidable. As such, Plaintiff developed painful, foul-smelling, pressure sores and continues to experience excruciating pain to this day.

8. Plaintiff repeatedly complained, but Defendant paid him no mind and outright ignored his pleas for help.

9. Plaintiff is incontinent for bladder and uses suprapublic catheterization for excretion of urine.

10. Defendant failed to ensure that Pulaski County Regional Detention Facility and its medical contractor provide appropriate medical services for Plaintiff's neurogenic bladder, causing him to develop a bladder infection and infection in the tissue surrounding the stoma.

11. Defendant failed to provide even minimal physical accessibility to Plaintiff, and denied him the use of his own prescription electric wheelchair and wheelchair cushion. Instead, Defendant required Plaintiff to use a "one size fits all" manual wheelchair with no cushion, which prevented Plaintiff from ambulating independently, and contributed to the development and worsening of his pressure sores.

12. Defendant's actions were reckless because Defendant failed to require its medical contractor and jailers to act upon Plaintiff's pleas for help. Defendant knew, or should have known, that ignoring Plaintiff's pleas for help would result in serious injury; and, chose not to act, resulting in Plaintiff, in fact, suffering serious injury. Therefore, Plaintiff seeks reasonable and punitive damages against the Defendant.

## COUNT I

13. Plaintiff realleges the foregoing as if more fully set out herein.

14. Plaintiff had a state and federal constitutional right to appropriate healthcare. This right is clearly established; and, therefore, Defendants violated Plaintiff's state and federal constitutional rights to appropriate medical care for a known serious health condition.

15. Defendant Eric S. Higgins knew it was not appropriate to place a person (herein Plaintiff) with Plaintiff's disabilities in Pulaski County Regional Detention Facility, yet Defendant allowed Plaintiff to be, and remain, incarcerated.   This was deliberate indifference.

16.  Defendant had a policy or custom of incarcerating persons like the Plaintiff without training his jailers on perinatal care or contracting with a medical provider to provide perinatal care.

17.  As A result, Plaintiff was denied appropriate medical care for a known serious medical condition in violation of the 8th and 14th Amendments.

18. As a direct and proximate cause of Defendant's acts and omissions alleged herein, Plaintiff has suffered severe mental, physical and emotional distress, incurred medical bills, experienced scarring; and, will continue to incur medical expenses in the future.

19. Defendant's actions have been so egregious so as to warrant the imposition of punitive damages.

## COUNT II

19. Plaintiff realleges the foregoing as if more fully set out herein.

20. Defendant has not been trained on his responsibilities under the ADA.

21. Plaintiff has a disability.

22. Plaintiff has been denied program access.

23. Accordingly, Defendant has discriminated against the Plaintiff on basis of his disability and is in violation of the Arkansas Civil Rights Act of 1993 and Title II of the Americans with Disabilities Act by denying Plaintiff medical care for his serious medical condition, guaranteed Plaintiff under Article II, Section 22, of the Arkansas Constitution.

24. As a direct and proximate cause of Defendant's acts and omissions alleged herein, Plaintiff has suffered severe mental, physical and emotional distress, incurred medical bills, experienced scarring; and, will continue to incur medical expenses in the future.

## JURY DEMAND

25. Plaintiff prays for a trial by jury.

WHEREFORE, Plaintiff prays for appropriate compensatory and punitive damages exceeding $1,000,000.00; for reasonable attorneys' fees; for costs; for trial by jury; and, for all other proper relief.

Respectfully submitted,

SUTTER & GILLHAM, P.L.L.C.
Attorneys at Law
P.O. Box 2012
Benton, AR 72018
501/315-1910 Office
501/315-1916 Facsimile
Attorneys for the Plaintiff

Luther Oneal Sutter, Esq., ARBN 95-031
luther.sutterlaw@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing has been served on 21st day of January, 2021, upon counsel for the Defendant as follows:

David M. Fuqua &nbsp &nbsp dfuqua@fc-lawyers.com, bgaines@fc-lawyers.com, jfowler@fc-lawyers.com

Margaret Diane Depper &nbsp &nbsp adepper@fc-lawyers.com, anniedepper@yahoo.com

*/s/ Luther Oneal Sutter*